The next case for argument is 22-2156, GUI Global Products v. Samsung. Mr. Administrator, good morning. Thank you. So first tell me how to pronounce your client's name. Is it GUI or GUI? GUI. GUI. GUI. The GWEE tries to make it easy for Your Honor. And may it please the Court, John Edmonds on behalf of GUI. The Court's, I'm sure, familiar with the record. This is an appeal from four different IPR final written decisions. An overarching issue with all four is this figure A device from Kim that Samsung relied on. And this covers all of the claims, right? That does, yes. Some other limitations do not, but that does, yes. Is this case dispositive over the case that follows? If we affirm it. Same patents, so there could be a preclusive effect depending on what the results are and how further proceedings shake out. But they're the same four patents. Okay. So hopefully the Court appreciates the figure A device is Samsung's creation. That's not something that is depicted nor taught in the patent. But isn't it fair to say that it follows from the explicit suggestions and disclosures in Kim? Well, we say no. I think what everyone has focused on, including the Board, was paragraphs 260. Well, you have figures 15A, 15B of Kim. And paragraphs 260 and 261 of Kim, which are at 2966 and 2967. So I'll address first the obviousness issue. Because if it's obvious, then the Court need not address the anticipation issue. But the same thing applies in the sense that what Kim describes is a method of coupling the sub-device in an overlapping manner. In other words, on top, on top. And what Samsung's figure A device has the sub-device below the second body. It's not overlapping. It's below it. Well, except, I mean, I think there's a dispute on a million things in this case. And one of the disputes is over your saying that overlapping means placed on top and not below. But the other side would say, and I think, I don't know if the Board exactly said this, that this is inconsistent with the disclosures of Kim and any typical use of the term overlapping. I don't think they said typical use of overlapping. I think that they, I think what the Board focused on was really disregarding the overlapping and focused on the at least one side language in 261, in paragraph 261 of Kim, which is describing the coupling members, which could be on at least one side. And they're depicted in that figure 15B as being on top of the second body. Again, on top. So as to obviousness, the Board's decisions were very sparse on motivation to modify. Very sparse. The Board relied on paragraph 179 of Kim, which talked about combining embodiments of control methods. And the Board just simply misinterpreted that at Samsung's invitation. The Board misinterpreted that to be combining physical embodiments. But the language is crystal clear in paragraph 179 that that is, that there can be a combination of control methods, not of physical embodiments. It's just a misinterpretation of Kim, as is the Board's misinterpretation of Kim's paragraphs 260 and 261, as I mentioned. Secondly, the Board said that, and this is at, well, I have the appendix sites in the brief, because it repeats the same language in four different opinions, that the figure 11B hinge or figure 11B device could have been adapted, could have been adapted. Could have been adapted is not the standard for motivation to combine. This Court's case law is clear on that, and it says simply not. That's what the Court relied on in this obviousness determination. It did not make a determination of motivation to combine. In instances in the opinion, the Court would say Samsung contends, we contend, but the Court's, the Board. But the Board's opinions don't articulate a motivation to modify Kim to achieve this figure A device. Do you want to refer us to something explicit in the QTAP opinion? Although it's hard because you're saying they didn't do something. But don't they discuss motivation? Can you refer us to where they discuss motivation? I don't. I don't think they do. I think in our brief we said that they rely on paragraph 179 and say that you can combine embodiments, and they believe that Kim said you could combine them and that would be enough. But that's a misinterpretation of Kim. Kim says you can combine control methods, not physical embodiments. And then also this could have been adapted language that's in all of the opinions. I have appendix 31 and 32, 100, 101, 168 and 169, 237, 238. As I mentioned, the Board's reasoning was very sparse on this. The Board's primary opinion seemed to have been that the figure A device was disclosed. And then it followed up with, well, if it's not disclosed, it's obvious because of the reasons I just told you. But those are not sufficient reasons for a motivation to combine. There's simply not substantial evidence articulated by the Board of a motivation to combine. Now, Samsung may point to, well, Samsung made arguments to that effect, but the Board did not credit those arguments, and that's not substantial evidence. But there is discussion on pages 57 and 58. I see where it says on 57, petitioner contends. Paragraph above says the above shows a representation of the combination. Then it goes on explaining petitioner's arguments, continues on the following page. It talks about the patent owner, about its arguments on motivation to combine. I see that, and I think the first part you mentioned is a matter of fact. It's a representation of a Kim-Co combination that Samsung had asserted. It's not an endorsement of it. As I read those paragraphs, I see, as we said in our brief, petitioner contends. Petitioner explains. Petitioner contends. Petitioner explains. Petitioner asserts. Patent owner argues. Patent owner argues. I know. They do that all the time. That's why they write opinions, but they eventually get to conclusory pages, and those appear. I mean, there are so many different issues here, it's hard to identify. But on page 30, appendix 32, for example, where they're talking about Kim, they have their own analysis, which affords substantial weight to the expert's testimony, Dr. Cai or whatever. And so they're different. I mean, there's so many issues here. So there are different parts of the board opinion, but they do have analytical paragraphs following their usual, you know, typical citing what one side says and what the other side says. They do have paragraphs which support their conclusion, right? Well, I respectfully disagree. I mean, the ultimate conclusion on page 60, and we're just looking at the 335 decision, it just says it has all these patent owner argues, petitioner contends, and then for the above reasons, we determine petitioner's shown that it's unpatentable as obvious. Let's look at page 60. The last full paragraph in the middle, it even goes on and says that we disagree. There's a petition clearly sets out that Clinton discloses and then goes on with its analysis and its conclusion. Where's the we disagree? The middle of the first full paragraph. So they're adopting petitioner's reasons in some detail. Well, what they're doing is the patent owner had argued that it would be very difficult to use, and they say it doesn't undermine petitioner's showing, but they don't tell us what part of the showing, if any, they've agreed with. They're just disagreeing with the patent owner that it would be difficult, that this figure A device would be difficult to use. We just, I would, and I appreciate there are a number of issues on appeal, and these are long opinions, but we would invite the board. We do not see where the board articulates a motivation to combine. The board repeats arguments and comes up with a summary conclusion at the end, and the only things that we see where the board actually made definitive statements are its misconstruing paragraph 179 and its statement of could have been adapted. What about 32? And they were agreeing with petitioner. They're affording substantial weight to the expert's testimony. This is when they're discussing Kim. That you could have adapted figure 11B. Mm-hmm. Counselor, sometimes we note the court voices a common lament that the board doesn't give us enough to chew on. It doesn't give us enough for us to be able to render an adequate review of the decision, and sometimes there really is nothing there, but that doesn't seem to be the case here. There seems to be that the court looked at both sides and made a decision, including in the area of motivation to combine here. Well, we— I know you disagree, but I— We disagree, and affording weight to his opinion doesn't say that they— it doesn't articulate a motivation to combine. It doesn't state their own motivation to combine. They attribute weight to this. They also agree, and they repeat a lot of things. So I would just invite the board to scrutinize it, or the court to scrutinize it, and we don't read it as there is an articulation of a motivation to combine, and we think the court should read it the same way. You're into your rebuttal. All right. Okay, I'm going to save that. Then before I run out of time, I covered the anticipation part, and that just simply is a misreading of that paragraph, and I would also just point out on, I think, a couple issues that should be relatively clear for the court, even if it—whatever its decision is on that issue, that when the board said turning on or off, that that was its own theory for switching device, and that there's a conflict between the 177 and the 320 opinions on this issue of pauses of plays, which is irreconcilable, and both are incorrect, and also with respect to MacFan, that the board just got it wrong, that it was an anticipation theory by Samsung, and that the board came up with—well, I'll reserve the rest of my time. But there are a number of issues that even if you— whatever you rule with respect to Figure A, there are a number of follow-on issues where there are things that should be at least clear-cut for the court, and I'll reserve the rest of my time. Thank you. May it please the Court. I'm Ali Sharif Madian on behalf of the Samsung Police. The board's determinations regarding what Kim teaches are factual determinations that are reviewed based on substantial evidence, and there is substantial evidence in the record here for the board's findings with respect to whether Figure A, which was a schematic representation of what— Mr. Sharif Madian, let me just make sure I understand. I was a little confused at first when I started reading this, the briefs in this case. As I understand it, Figure A was created by Samsung's expert, right? It was, yes. The expert came up with it, and the point is that Figure A is a variation of what Kim discloses, and that in fact when you do that, it reads on the claim. Is that correct? Yes, Your Honor, that is. It's a schematic representation of the words in what Kim discloses. And when you have that schematic representation, it renders obvious the claim. Yes. The claim as a whole, our theory was an obviousness theory. Based on Kim, the claim is obvious. I just want to make sure I understood that. Yes, thank you. So regarding the board's findings as to whether Figure A was obvious, there is lots in the record as to what the board did, and it clearly agreed with Samsung's arguments. Now when you say Figure A is obvious, claims are what's obvious. The board made determinations on both. The board found the claim as a whole obvious based on the arguments presented below, and the board also in reaching that ultimate conclusion of obviousness, the board made two determinations. One, that Figure A was disclosed by the words. Why don't you give us some pages? Sure. At page 19 is the discussion of whether Figure A is disclosed, and I would like to point you specifically to actually Appendix 21. On Appendix 21, towards the bottom of the page, the board reproduces Paragraphs 260 and 261 of Kim, and the board says, From the above, we find that Kim describes that the subdevice is coupled to one of the first and second bodies in a state that the first and second bodies are coupled and the subdevice may be on either side of the second body. The board clearly made factual determinations that Kim in fact discloses an embodiment, which again we have represented schematically as Figure A, and that disclosed embodiment supports the board's ultimate finding of obviousness of Claim 1 and several of the other claims. And on page 22 of the appendix, the board says, Kim's description that the coupling member for fixing the subdevice is provided on at least one side of the second body means precisely what petitioners contend, that the subdevice may be coupled to either side of the second body. So again, that's a factual determination regarding Kim's disclosure to a positive, which is entitled to substantial evidence review. And the board in the same paragraph explains why it was rejecting their expert's analysis. Exactly. The board throughout its determinations credited our expert's testimony as to what Kim discloses or renders obvious to a person of ordinary skill in the art and rejected their expert's testimony on the same point. So that is the board's determinations finding the Figure A schematic embodiment. Let me ask you something, and you were called out on this in gray, so it shouldn't come as a shock to you, and that is on page 37 of your brief. I don't want to read the whole sentence because it goes on for like 15 lines, but you say the board's factual findings represented by Figure A because those findings, you're saying we should affirm those findings were plausible based on the entirety of the record. Is plausibility the standard that we should be applying here? The answer is no, isn't it? No, Your Honor. The standard that the board can apply, the court applies here, is when there are two inconsistent but reasonable determinations that the board can make regarding what the evidence shows and it chooses to credit one versus the other one,  and our position here is that the board's findings regarding what would have been obvious to a positive in view of Kim's disclosure is supported by substantial evidence, and therefore it must be. And you say that elsewhere in your brief. You define the correct standard. That's correct, Your Honor. So we've already discussed the disclosure. As far as whether Figure A would have been obvious, that discussion starts on page 24 of the appendix, and on top of page 25, the board says that not only did we say that it could have been done, but we have recognized that we provided evidence for a person of ordinary skill in the art would have recognized the feasibility and desirability of modifying Kim to arrive on Figure A. And then it also says, Petitioner further provides reasons for making the modification. So this is not a situation where there was only evidence that a person of ordinary skill in the art could have made the modification. We actually provided evidence for its feasibility and desirability and for actually making the modification. The board cites all of this with approval and adopts it as its own. My friend— Where is that approval? I mean, page 24 is just a recitation of what Petitioner contends. I'm sorry, Your Honor. It's at the top of page 25. Okay. The first line says would have recognized the feasibility and desirability, and then towards the end of that first paragraph— But the board is agreeing with this. The board says in the next paragraph, it says, we determined that such arguments do not undermine Petitioner's persuasive showing. It's clear that what the board did here is it recounted the party's arguments. It identified the portions of the record that it was relying on, and it also explained why it found patent owner's arguments unpersuasive. Under these circumstances, the board has done what it needs to do, which is explain the basis for its factual determinations of obviousness. Again, so it should be—and that is sufficient, and the board's reasoning is clear on the record and supported by substantial evidence. The—I want to briefly discuss the issue of the pauses and plays, which is only applicable to the 077 patent and the 320 patent. This is where— Your friend didn't have a chance to deal with that, did he? He didn't. Right at the very end, he mentioned the pauses and plays, and where he says that the board changed the theory of the decision. So this is related to the 077 and the 320 patents. Those have a limitation where the sub-device pauses or plays a remote device. We provided evidence to the board that in an embodiment of Kim, the sub-device pauses and plays a remote computer, music and remote computer. This is the embodiment shown in Figure 31 of Kim. The only evidence that a patent owner— and we clearly said that this is disclosed by Kim. The only evidence that a patent owner provided in attempted rebuttal of this argument below was that the Figure 31 embodiment was only directed to a bar-type device, not to the watch-type embodiment that we were basing our arguments on. Now, in response to—and this was only supported by attorney argument. It was not—there was no expert testimony in support of patent owner's position on this. In response to this, in our reply argument, we pointed out that both the patent owner and their expert had already admitted that the embodiment shown in Figure 31 applies to the watch-type embodiment as well. And this can be found—this admission in the record can be found on, for example, in their patent owner response at 4116. And that's where they say, when describing the control methods, Kim discusses only a single one of the different device types in each instance. And they say that is why it does not need to describe it with respect to the watch-type embodiment. The Board, in finding—in reaching—discussing this issue in the 077, cited approvingly to our briefing on this issue. The concluding statement that says we therefore find this element obvious was clearly an errant statement, and it was harmless error, because the evidence clearly supports a finding that this element is disclosed, as the Board already found, with respect to the 320 patent. For that reason, we don't believe that it requires remand. Thank you. So, Mr. Edmonds, we're going to give you three more minutes, and certainly if you want to start with the 077, because we were in the unusual circumstance where your friend in rebuttal got to spend more time on it than you did. So, start with that, and we'll give you a total of four minutes. Sorry. Four minutes, everybody. Thank you, Your Honor. So, in the 077 opinion, it was written by a different ALJ than the 320 opinion. They relied on an obviousness theory. My friend says it's harmless error. They relied on an obviousness theory. Samsung did not assert an obviousness theory. That's just an APA violation. The Board is not allowed to come up with its own theories. They needed to use an obviousness theory because what my friend was describing was that the control method that he described was for a different type of device. It was for a bar-type device, not for a watch-type device. And it might be one thing to say that it'd be obvious to use a control method for a bar-type device, for a watch-type device, but that was not Samsung's theory. That was the Board's theory. You can compare that to the decision of the 320 where the Board or the author seemed to have realized that Samsung had not asserted an obviousness theory. And so that opinion says that it's met, but it's not met because that control method is with a different embodiment. It's a bar-type embodiment. It wasn't described for the watch-type embodiment. And to mix embodiments within the same patent is an obviousness theory. So the problem with the 320 is the author of that opinion relied on an obviousness theory but called it anticipation. And the problem with the 077 is that the author just relied on obviousness because that's what it is, but that was not a theory of Samsung in its petition. Going back to some of the statements by my friend, he seemed to really focus on this paragraph 260 and 261 and how the Board agreed with Samsung's expert's interpretation of that and disagreed with GUI's expert's interpretation of that. It disagreed with GUI's expert because it disagreed with that interpretation of that paragraph. The court should give no deference to the Board's misunderstanding, misapprehension, misreading of that paragraph. This court can read the paragraph 260, 261 itself. If the Board agrees with GUI, then Samsung's expert should be entitled to no deference. That's not an expert cannot just render an opinion. This is what I've read two paragraphs. This is what I think they mean, and that's something the Board can agree with. This issue should rise or fall on the text of those two paragraphs, not on an expert's spin on what the text is. Neither is an expert opinion that provides substantial evidence. My friend read from page 25, and as Judge Prost pointed out, this was another instance where the Board is just repeating arguments. And what my friend pointed to was it says for the reasons that follow, so he seemed to be thinking that the Board was endorsing the prior text, but it says for the reasons that follow, it says they don't undermine petitioner's persuasive showing. Persuasive showing of what? Of what? Because the Board says it's obvious, but what you won't find is where the Board articulates a motivation to combine or where the Board agrees with a statement by Samsung as to what a motivation to combine was. So a general conclusion of obviousness is not sufficient for a motivation to combine. But you would agree, if we were to write an opinion in this case hypothetically, and we would cite five pages of exactly what you've said, and then just say for the reasons stated by Mr. Edmonds, we agree and we affirm. That would be sufficient, right? I mean, we can adopt, any tribunal can adopt the rationale or the arguments or the statements made by one of the parties, and they don't have to repeat it themselves if they just say we agree with what they said, right? That might be possible, but that wasn't the case here. Thank you. We thank both sides. The case is submitted.